UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                :

KRISHNA DASS,                     :

                 Plaintiff,   :        No. 18-CV-11325 (VSB)

        -v-           :        **STIPULATION AND**

THE CITY UNIVERSITY OF NEW YORK,  :        **PROTECTIVE ORDER**
et al.,

               Defendants.  :

----------------------------------------------------------X

WHEREAS, Plaintiff Krishna Dass ("Plaintiff"), Defendant City University of New York, Defendant Eugenio María de Hostos Community College, and Defendant Nathaniel Cruz (collectively, the "Defendants") are presently engaged in litigation in the United States District Court for the Southern District of New York (the "Court"); and

WHEREAS, Plaintiff and Defendants (each individually, a "Party" and collectively, the "Parties") consider some of the information being sought by the Parties or contained in documents being sought by the Parties to be of a confidential nature; and

WHEREAS, the Parties have agreed to this Stipulation and Order (this "Order") to permit their counsel to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.    A "Producing Party" is a party that discloses documents or information to any Party in connection with this litigation.

2.    A "Receiving Party" is a Party that receives documents or information from a Producing Party in connection with this litigation.

3.    "Confidential Information" as used herein, is any document or information designated as confidential, that is either kept in a current or former CUNY or Hostoso employee personnel file, labor relations file, investigative file, Equal Employment Opportunity ("EEO") file or medical files and the information contained therein, as well a documents that include personal identifying information, including but not limited to social security numbers, employee identification numbers, personal financial information, personal health information, or contains information for which a Party owes an obligation of confidentiality to a third party.

   a.   A Producing Party designates a document or information as confidential by marking or stamping it with the word "CONFIDENTIAL." A Producing Party must have a good faith belief, upon reasonable inquiry, that a document or information so designated qualifies as such. A Receiving Party that disagrees with a Producing Party's "CONFIDENTIAL" designation may, after first attempting to resolve the disagreement with the Producing Party, seek judicial resolution of the dispute from the Court.

   b.   Confidential Information does not include any document or information that is publically knowable, or any document or information that is or becomes known to a Receiving Party by means not constituting a breach of this Order.

   c.   Confidential Information does not lose the protections herein merely because it also becomes marked as a deposition exhibit. Deposition testimony concerning any Confidential Information that reveals the contents of such materials shall be deemed confidential, and the pages and lines of those portions of the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order. A Party may not ask the court reporter to designate an entire transcript as confidential.

2

4.      "Qualified Person" as used herein means:

    a.   Plaintiff's counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by a Producing Party pursuant to this Order;

    b.   any expert, expert's staff or third party employed or retained by Plaintiff's counsel pursuant to a written agreement for the purpose of assisting counsel in this litigation;

    c.   Plaintiff;

    d.   Defendants' respective counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by a Producing Party pursuant to this Order;

    e.   any expert, expert's staff or third party employed or retained by Defendants' counsel pursuant to a written agreement for the purpose of assisting in this litigation;

    f.   Defendants;

    g.   the Court (including any judge, legal assistant, clerk, court reporter or any other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court);

    h.   any employee of the Producing Party;

    i.   any prospective or actual witness who agrees to keep any Confidential Information confidential under this Order, except that Confidential Information may only be shown to, and not retained by, prospective or actual witnesses; or

    j.   any other person as hereafter may be authorized by agreement, in writing, by the Parties or by the Court upon motion.

5.      Access to/disclosure of Confidential Information shall be limited only to Qualified Persons.  Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted upon counsel's good faith belief that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation. In the case of Qualified Persons described in paragraphs 4(b), 4(e), 4(i) and 4(j) above, providing access to/disclosure of Confidential Information is only permitted after execution of a written acknowledgment of this Order in the form attached hereto as Exhibit A.  Executed acknowledgments of this Order shall be retained by counsel who provided such access or disclosure.

6.      Each Qualified Person shall maintain Confidential Information in confidence and shall not reveal any Confidential Information to any person who is not a Qualified Person without the prior written consent of counsel for the Producing Party or an Order by the Court authorizing such disclosure. To the maximum extent permitted by law, rule or regulation, Confidential Information shall be used only for the purposes of this litigation and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

7.      If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the Parties hereto may apply to the Court to seal those portions of the papers.  Upon obtaining leave of the Court to file documents under seal, the Confidential Information will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.  .

8.      A Producing Party's disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right for such to later be so designated.  Where any document or information is later designated as "CONFIDENTIAL" by

the Producing Party, it shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

9.      Within 30 days of the conclusion of this litigation (including appeals, if any), all Confidential Information in possession of Qualified Persons, including all copies, extracts and summaries thereof, shall either be returned to the Producing Party or be destroyed.  If the Producing Party seeks Confidential Information be returned, then the Producing Party shall bear all costs relating to shipping.  However, counsel for the Parties shall be permitted to retain their working files on the condition that any Confidential Information therein remains subject to the terms of this Order.

10.      This Order may be amended by further stipulation of the Parties or, if the Parties are unable to agree, by the Court on the application of a Party.

11.      This Order shall extend beyond the final conclusion of this litigation, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties or by Order of the Court.

12.      Nothing herein shall limit a Producing Party's use of such Producing Party's own Confidential Information.

13.      Nothing herein affects the admissibility of any evidence at trial.

Dated: Chappaqua, New York
       October    . 2020

By:    _____          _____
       Todd J. Krouner (TK0476)          James E. Johnson
       Law Office of Todd J. Krouner, P.C.   Corporation Counsel of the City of New
       Attorneys for Plaintiff              York
       93 North Greeley Avenue            100 Church Street, Room 2-186
       Chappaqua, New York  10514         New York, New York  10007

(914) 238-5800                                   (212) 356-2444
tkrouner@krounerlaw.com                          dosaint@law.nyc.gov


SO ORDERED:

                                                          10/19/20
                                                 Dated: _____
                                                        New York, New York
_____
**Ona T. Wang**
United States Magistrate Judge

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective

Order entered in the United States District Court for the Southern District of New York, on

_____, 2020 in the action entitled Dass v. CUNY, et al., 18 CV 11325 (VSB), or has

been advised of its provisions or contents, and understands the terms thereof. The undersigned

agrees not to use the Confidential Information defined therein for any purpose other than in

connection with the prosecution or defense of this litigation, and will not further disclose the

Confidential Information except in testimony taken in this case.


_____
Date


_____
Signature


_____
Print Name


_____
Occupation