## LAW OFFICE OF TODD J. KROUNER, P.C.
93 NORTH GREELEY AVENUE
CHAPPAQUA, NEW YORK 10514
(914) 238-5800

TODD J. KROUNER*                                                                                   CHRISTOPHER W. DENNIS*
―――――                                                                                                              ―――――
*ADMITTED IN NY AND NJ                                                                              *ADMITTED IN NY AND AZ

July 26, 2021

**VIA ECF AND EMAIL TO**: Wang_NYSDChambers@nysd.uscourts.gov
The Honorable Ona T. Wang U.S.M.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

**MEMO ENDORSED**

      RE:    Dass v. CUNY, et al.
                  Case No. 18-CV-11325 (VSB) (OTW)

Dear Judge Wang:

      I represent the plaintiff Krishna Dass ("Plaintiff") in the above-referenced discrimination action against Defendants City University of New York ("CUNY"), Eugenio María de Hostos Community College ("Hostos"), and Nathaniel Cruz ("Cruz") (collectively, the "Defendants"). I am writing in response to Your Honor's Order dated July 20, 2021, to address why the depositions of Julio Centeno ("Mr. Centeno") and Erik Smiles ("Mr. Smiles") are expected to produce relevant, non-duplicative testimony. Defendants' frivolous objections to Plaintiff deposing Messrs. Centeno and Smiles represent the pinnacle of Defendants' obstructionist attitude toward discovery in this case.

      First, from the beginning of this lawsuit, one of Plaintiff's claims against Defendants was that Mr. Centeno sexually harassed her and Defendants failed to take any action in response. See Plaintiff's Amended Complaint (the "Complaint"), ¶ 70(o), annexed hereto as **Exhibit A**. Plaintiff has not discovered any case law that supports Defendants' proposition that a Plaintiff in a sex discrimination case is not entitled to depose the person who sexually harassed her. Defendants appear to be the first litigants with the gumption to make such an argument.

      Second, the subject of the scope of Plaintiff's comparators is hotly disputed and a motion to resolve that issue is sub judice. See Plaintiff's Motion to Compel City University of New York to Produce Comparator Discovery, a copy of which is annexed hereto as **Exhibit B**. However, even Defendants concede that Mr. Smiles, as Plaintiff's successor, is an appropriate comparator. See the March 3, 2021 Conference Transcript, 12:10-13, a copy of which is annexed hereto as **Exhibit C** ("defendants have consistently argued that plaintiff's appropriate comparators would be the position to - the persons who held the athletic director position before plaintiff and after plaintiff at Hostos"). Yet, now, somehow Defendants contend that even his testimony is irrelevant. To the contrary, Mr. Smiles' testimony is both necessary and highly relevant to Plaintiff's alleged pay scale and direct discrimination claims.

      Consequently, Defendants should be ordered to produce Messrs. Centeno and Smiles for their

respective depositions.

## I.     Plaintiff Is Entitled To Depose Mr. Centeno

Defendants frivolously object that Mr. Centeno's testimony is not relevant. Mr. Centeno is a member of the janitorial staff at Hostos. Plaintiff alleged that in or about October 2016, Mr. Centeno accosted her in an equipment closet and demanded that she hug and kiss him before he would let her leave. See the Complaint, ¶ 70(o). After being held against her will for 10 minutes, Plaintiff was forced to give Mr. Centeno a hug to gain her release. Plaintiff filed a sexual harassment complaint about the incident in or about October 2016. However, Hostos and CUNY administration ignored Plaintiff's plea and failed to take any action or investigate Mr. Centeno's conduct. Id. It was not until Plaintiff filed a Charge of Discrimination against Defendants that Defendants, for the first time, bothered to question Mr. Centeno about the events that occurred nearly two years earlier.

As the Court is well aware, and Defendants seem to ignore, the Federal Rules of Civil Procedure provide an extremely permissive deposition-discovery regime, "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The "discovery need not be admissible in evidence to be discoverable." Id. As a practical matter, document production is not a substitute for live testimony where a document cannot be cross-examined.

Your Honor asked Plaintiff to explain why Mr. Centeno's testimony would be non-duplicative. See the July 20, 2021 Order, a copy of which is annexed hereto as **Exhibit D**. First, it is self-evident that Plaintiff should be permitted to secure the testimony of her alleged harasser to ascertain his version of the events. As noted above, we are aware of no law that suggests otherwise. Second, Plaintiff has not noticed a deposition of any other person who witnessed Mr. Centeno's conduct. Third, although defendants produced a memorandum of the incident, it was only prepared after Plaintiff had already filed a Charge of Discrimination against Defendants concerning Mr. Centeno.[1] Fourth, no document has been produced concerning Mr. Centeno's first-hand account of Defendants' "investigation."

To prevail on her claim against Defendants concerning Mr. Centeno, Plaintiff must first prove the underlying harassment. Plaintiff must then prove that CUNY and Hostos condoned Mr. Centeno's conduct by failing to respond to it. See State Div. of Human Rights ex rel. Greene v. St. Elizabeth's Hosp., 66 N.Y.2d 684, 687 (1985); see also Father Belle Community Ctr. v. New York State Div. of Human Rights, 221 A.D.2d 44, 56 (4th Dept. 1996) ("Condonation may be established by knowledge acquired after the fact, combined with insufficient investigation and corrective action").

Consequently, the Court should order Defendants to produce Mr. Centeno for deposition.

## II.    Plaintiff Is Entitled To Depose Mr. Smiles

Defendants' frivolous objection to bar testimony of its admitted comparator not only defies common sense, but also defies persuasive case law. Of course, a plaintiff in an employment discrimination case may take the testimony of similarly situated co-employees in order to show a defendant's discriminatory intent. See Scott v. WPIX, Inc., 2012 U.S. Dist. LEXIS 78284, *3 (S.D.N.Y. 2012) (Pauley III, J.) ("the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent"), citing Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 544 (S.D.N.Y. 2005) (Scheindlin, J.).

One of Plaintiff's central allegations is that she was the only athletic director classified to the lesser-compensated Higher Education Associate pay scale. Male athletic directors at CUNY's other

---

[1] Pursuant to the October 16, 2020 Stipulation and Protective Order (Doc. No. 49), Plaintiff has not annexed to this letter a copy of the Memorandum of Investigation Report. The Memorandum of Investigation Report was disclosed by Defendants bearing Bates Numbers DEF_Dass_E0001902 - DEF_Dass_E0001907 and stamped as "Confidential." Consequently, if requested by the Court, Plaintiff will provide this document for in camera inspection.

two-year colleges were classified to the higher-compensated Higher Education Officer pay scale. Defendants concede that Mr. Smiles is one of the appropriate comparators. However, on the central issue of pay scale classification, to date, Plaintiff has been unable to ascertain the nature of Mr. Smiles' pay scale classification. For example, the testimony of Defendant Cruz, who supervised both Plaintiff and Mr. Smiles, was inconsistent concerning Mr. Smiles' status. See the October 14, 2020 Initial Deposition of Cruz, annexed hereto as **Exhibit E**, 106:2-107:15; 123:11-124:16.[2] As a related but distinct point, discovery has yet to reveal how Defendants handled Mr. Smiles' request for promotion, if any, in contrast with the four-year pocket veto that Defendant Cruz exercised over Plaintiff's request. Plaintiff intends to obtain answers to these questions from Mr. Smiles.

Additionally, Plaintiff alleged that while she was athletic director at Hostos, Defendants specifically discriminated against her (the "Specific Acts of Discrimination") by:
  (a) cutting her departmental budget (see Complaint, ¶¶ 97(i), 112);
  (b) eliminating her ability to generate additional facility rental agreements (Id., ¶ 76(h));
  (c) forcing her to work with less staff members than any other CUNY athletic director, which caused her to have to work overtime (Id., ¶¶ 33, 76(e)-(f), 97(j), 111); and
  (d) usurping her authority by excluding her from athletic department meetings and, rather, meeting with her subordinates directly (Id., ¶¶ 70(p)-(q); 75-76; 97(f)).

However, it appears that Mr. Smiles was not subject to these Specific Acts of Discrimination when he replaced Plaintiff as athletic director.[3] Consequently, Plaintiff also intends to examine Mr. Smiles concerning his first-hand experience with Specific Acts of Discrimination and/or the cessation thereof.

Your Honor asked Plaintiff to explain why Mr. Smiles' testimony would be non-duplicative. First, as illustrated above, the discovery to date had not been adequate to identify Mr. Smiles' pay scale classification. Second, no discovery to date has explained the nature and circumstances of the imposition or cessation of the Specific Acts of Discrimination that Plaintiff alleged in this case. Third, no discovery has been disclosed concerning Mr. Smiles' first-hand account of his job duties, performance, budget, access to facilities, authority, or how he has been treated by Defendants. Such information allows Plaintiff to compare her duties, performance and treatment, against Mr. Smiles. Plaintiff should not be forced to seek hearsay from other witnesses on these factual issues.

Notwithstanding the foregoing, Plaintiff should have the unfettered right to depose her admitted comparator. See Scott, supra. Consequently, the Court should order Defendants to produce Mr. Smiles for deposition.

### III.     Plaintiff Should Be Awarded Costs For Being Forced To Bring This Motion

Throughout the discovery disputes in this case, this Court has repeatedly raised the specter of imposing costs pursuant to Fed. R. Civ. P. 37. Now, Defendants have forced Plaintiff to bring a discovery motion for an order to depose: (a) the very person that sexually harassed Plaintiff in the workplace (Mr. Centeno), whom Defendants failed to investigate despite Plaintiff filing a formal complaint; and (b) the person Defendants hired to replace Plaintiff (Mr. Smiles), whom Defendants hired at an apparently higher pay scale, gave greater authority over athletic staff, expanded the budget made available to him, and whom Defendants admit is Plaintiff's comparator. Consequently, Defendants' obstructionist attitude and frivolous objections, at minimum, warrant Plaintiff being awarded costs for having to bring this motion.

---

[2] Defendant Cruz first testified that Mr. Smiles was classified as a Higher Education Officer (106:2-107:15) and later testified that he was not sure but thought that Mr. Smiles was classified as a Higher Education Associate (123:11-124:16).

[3] See, e.g., July 2, 2021 Continued Cruz Deposition, 72:21-25, annexed hereto as **Exhibit F** (testifying that authority to rent facilities was restored for Mr. Smile's tenure).

3

Respectfully submitted,

/s/
Christopher W. Dennis

cc: Alison Sue Mitchell, Esq.

---

The Court has reviewed ECF 85 and ECF 86. Plaintiff's motion to compel the depositions of Julio Centeno and Erik Smiles is **GRANTED**. Plaintiff's request for costs is **DENIED**.

**SO ORDERED.**

_____
Ona T. Wang          8/4/21
U.S.M.J.

4