UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KRISHNA DASS,

                        Plaintiff,

        -against-

THE CITY UNIVERSITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------------------------x

No. 18-CV-11325 (VSB) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

On December 8, 2021, the Court held a discovery status conference on a range of issues in this matter, including Plaintiff's request for leave to depose her alleged individual Comparators. At that conference, the Court ordered the parties to meet and confer on whether depositions of "many of these witnesses [could] be obviated by a fulsome 30(b)(6) deposition." (ECF 104, 42:11-15). The Court explicitly directed the parties to engage in "a fulsome meet and confer process. . . and [set timing] for the [30(b)(6)] deposition to happen." (*Id.* at 62:5-7).

On March 1, 2022, the Court held another status conference, again instructing the parties to do everything in their power to work out their differences concerning the 30(b)(6) deposition. If Defendants continued to have objections to Plaintiff's 30(b)(6) topics, the Court directed Defense counsel to file a letter articulating as specifically as possible any burden arguments relating to the **30(b)(6) topics**. The Court asked Defense counsel to assess any additional time they would need to prepare for a given topic, consider shifting the burden of costs and expenses onto Plaintiff, and state which alleged comparators were not in the New York area or under their client's control.

On March 18, 2022, Defendants moved for a Protective Order precluding Plaintiff from taking a Rule 30(b)(6) deposition of a witness regarding Topic 5[1] listed in Plaintiff's January 5, 2022 Notice of a Video Deposition. In their letter motion, Defendants did not articulate their burden with specificity, forgoing any explanation of why the meet and confer process had failed. Defendants' main burden argument amounted to the claim that they "would have to meet separately and coordinate with five different athletic directors and their Rule 30(b)(6) witness to prepare for the deposition" and that "[t]he sheer amount of information each student athletic director will have to provide and that the Rule 30(b)(6) witness will have to spend time learning is unduly burdensome." (ECF 113 at 3).

Defendants cannot simultaneously oppose one Rule 30(b)(6) deposition on behalf of the five alleged Comparators *and* five individual depositions of each alleged Comparator, particularly after the Court has ordered the parties multiple times to resolve this issue through the meet and confer process. Defendants' Motion for a Protective Order is **DENIED**. The parties are directed to file a joint letter with the Court by March 31, 2022 stating whether they will be moving forward with one Rule 30(b)(6) deposition regarding Plaintiff's Topic 5 or five individual depositions of each of Plaintiff's alleged Comparators, identified as Brian Goldstein, Damani Thomas, Jon Hochberg, Stephen Kelly, and Ryan McCarthy. *See* ECF 114-2.

---

[1] Plaintiff's January 5, 2022 Notice of Rule 30(b)(6) Deposition, Topic No. 5, seeks deposition testimony concerning the duties and responsibilities of athletic directors at CUNY community colleges. *See* ECF 113-1.

The Clerk of Court is respectfully directed to close ECF 113.

**SO ORDERED.**

Dated: March 24, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge