**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KRISHNA DASS,

                      Plaintiff,

        -against-

THE CITY UNIVERSITY OF NEW YORK, et al.,

                    Defendants.

------------------------------------------------------------x

No. 18-CV-11325 (VSB) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 129 and 129-4 (Exhibit D of the parties' 5/6/22 Joint Agenda) and construes those submissions as Plaintiff's request to compel compliance with her post-deposition document demands. The Court's rulings on the 39 individual document demands still in dispute are indicated in the attached Exhibit A, which is an annotated version of ECF 129-4.

The Court spent an inordinate amount of time combing through the minutiae of the parties' document discovery disputes, even after numerous in-person and telephonic conferences concerning the breadth and scope of Plaintiff's requested discovery. The majority of these requests sought discovery that was not proportional to the needs of the case. If the parties continue to require Court intervention at this level to resolve their voluminous discovery disputes, the Court may enter an Order under Fed. R. Civ. P. 37(a)(5) requiring expenses paid for failures to make disclosures or cooperate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part in part and denied in part, the court may issue an protective order

authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion").

For the requests for which limited production or review was directed, Defendants shall make rolling productions and must complete productions by June 6, 2022.

**SO ORDERED.**

Dated: May 10, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | Plaintiff's request is also over broad in time frame. | pattern and practice was to consciously disregard risks of discrimination at its member schools, like Hostos. |
| **Doc. Req. No. 55**: All Documents concerning the annual budget of the Hostos athletic department for each year during Plaintiffs tenue as Hostos' Athletic Director.<br><br>Denied/OTW | Defendants previously provided the annual athletic budget for each CUNY community college during Plaintiff's Hostos tenure. We have reached proportionality on this issue. Plaintiff can argue that she was managing a larger budget than other CUNY community colleges based on the numbers we provided. It is overburdensome to ask Defendants to obtain the documents for each school's budget to obtain information that has little to no probative value. The Defendants limited resources outweigh the minimal probative value. Defendants also renew their argument that the CUNY community athletic directors/managers are not Plaintiff's comparators, which means these documents have zero relevance. | Defendant misstates the request and its scope. However, counsel conferred, and the true issue remains unresolved. Plaintiff seeks documents concerning only the HOSTOS athletic department's direct and ancillary budgets, not of other CUNY schools. Plaintiff alleged that her budgets were reduced with discriminatory animus, which was also a factor of her constructive termination. However, no documents or communications were produced that show how her budget was set each year, who was involved, and why it was reduced. Consequently, such documents are material and relevant to Plaintiff's claims. |
| **Doc. Req. No. 16**: All Documents concerning rules and regulations of each intercollegiate athletics governing body of which each Comparator's CUNY-affiliated college was a member.<br><br>Denied. See ECF 123/ OTW. | This request is overbroad in scope because it seeks information regarding colleges beyond Hostos and beyond CUNY community colleges. This information is also within Plaintiff's knowledge, and thus, cumulative. She attended the quarterly/monthly meetings of these governing bodies with other CUNY community colleges. Therefore, we have reached proportionality. It is overburdensome to ask Defendants to obtain these documents when they will provide little to no additional and/or probative value. The Defendants' limited resources outweigh the minimal probative value | The request is not overbroad. As Defendants are aware, the request is limited to "each Comparator's" college. As thus defined, it is limited to only CUNY Community Colleges. Defendants are correct that Plaintiff attended quarterly/monthly meetings of CUNY's athletic directors. However, Plaintiff does not have access to the documentation requested, some of which was created and or distributed at these quarterly/monthly meetings of CUNY's athletic directors.<br><br>These materials are probative to show that (1) CUNY, in addition to HOSTOS, regarded Plaintiff as an athletic director (HEO) and not merely an athletic manager (HEA), as Defendants try to argue; (2) what was expected from Plaintiff by CUNY, in addition to HOSTOS, in the performance of Plaintiff's duties; and (3) that CUNY, in addition to |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | HOSTOS, had imposed the same expectations, duties, and responsibilities on Plaintiff and her alleged Comparators.<br><br>Where the Court denied Plaintiff's request for a Rule 30(b)(6) deposition on this topic, denying this request altogether forecloses Plaintiff from this discovery. |
| **Doc. Req. No. 46**: All Documents concerning the meeting agendas of the quarterly meetings between Zak Ivkovic and the Athletic Directors of the CUNY-affiliated colleges. | Defendants renew their objection from Document Request Number 16 and state that these documents would provide even less probative value. | Plaintiff restates her response to No. 16, supra. *Denied - not relevant. /OTW* |
| **Doc. Req. No. 47**: All Documents concerning the meeting notes of the quarterly meetings between Zak Ivkovic and the Athletic Directors of the CUNY-affiliated colleges. | Defendants renew their objection from Document Request Number 16 and state that these documents would provide even less probative value. *Defendants are to produce the meeting notes at issue in this request, redacted to discussions of Hostos only, limited to notes from Apr 2015 - Jan. 2019. /OTW* | Plaintiff restates her response to No. 16, supra. *Granted in part -* |
| **Doc. Req. No. 93**: All Documents concerning any comparison of CUNY athletic departments. | The lack of relevance to the material issues in this action make this request overburdensome. However, without waiving any objections, Defendants are searching for these documents.<br><br>*No dispute. /OTW* | Defendants' own comparison of CUNY athletic departments is highly relevant and material to the issues in this case. It has a tendency to show whether or not Defendants can explain away having relegated Plaintiff to a lesser classification based on differences between CUNY's athletic departments.<br><br>However, where Defendants state they "are searching for these documents," Plaintiff understands that they will produce responsive documents that are located notwithstanding their objection. |
| **Doc. Req. No. 94**: All Documents concerning any comparison of CUNY athletic programs. | Defendants renew their objection from Document Request Number 93. *See Ruling re Request 93. /OTW* | Plaintiff restates her response to No. 93, supra. |
| **Doc. Req. No. 95**: All Documents concerning any comparison of CUNY athletic facilities. | Defendants renew their objection from Document Request Number 93. *See Ruling re Request 93. /OTW* | Plaintiff restates her response to No. 93, supra. |
| **Doc. Req. No. 78**: All Documents concerning any | We object to Plaintiff's definition of comparator. Additionally. Plaintiff has | The definition of "Comparators" is whomever Plaintiff seeks to compare |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| fundraising requirements applicable to each Comparator.<br><br>*[Handwritten:] Denied. Court will not entertain any more requests re comparators. Plaintiff is free to seek this information at the 5 comparator depositions. /OTW* | been provided with the duties and responsibilities of her Hostos predecessors and the CUNY Community College athletic directors and managers. Requiring Defendants to provide any additional documents is disproportional to the needs of this case. | herself. In this case, like Plaintiff, her Comparators were athletic directors at CUNY Community Colleges. Consequently, there is nothing improper about this definition for purposes of a discovery demand.<br><br>Plaintiff believes that her Comparators, like her, were responsible for fundraising. While Defendants have produced the Comparators' personnel files pursuant to this Court's order, materials concerning the Comparators' fundraising was largely absent. However, Comparator depositions are being scheduled. If the Comparators can testify to their fundraising requirements between 2013 and 2019, Plaintiff will withdraw this request. |
| **Doc. Req. No. 99**: All Documents concerning "ARC Committee" meeting notes, including but not limited to the notes that Ms. Shevach testified she took as the secretary of the ARC Committee. | The lack of relevance to the material issues in this action make this request overburdensome. Plaintiff's request never made it to the ARC committee. These documents also would not provide any comparator information.<br><br>*[Handwritten:] Denied. Plaintiff has not articulated reasons beyond counsel's speculation that documents are being withheld. See Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 435-46 (S.D.N.Y. 2011). /OTW* | Testimony revealed that part of the processes for reclassification requests was to obtain the approval of the ARC Committee. Plaintiff understood that her request would be heard by the ARC Committee. Plaintiff should not have to accept that never occurred based on Defendants' mere say-so. Further, even if Plaintiff's request was never voted on, where it remained pending for years, the ARC Committee may have discussed it or why it would not be put to a vote. Moreover, the ARC Committee having voted to approve reclassifications other than Plaintiff's disproves Defendants claim that her request for held due to supposed budgetary reasons. Consequently, the requested documents are both material and relevant. |
| **Doc. Req. No. 100**: All Documents concerning "pending HEO packets" that Ms. Shevach testified were placed in a folder within a filing cabinet in her office. | Defendants renew their objection from Document Request Number 30.<br><br>*[Handwritten:] See Ruling on Request No. 30. /OTW* | Ms. Shevach testified that she kept pending requests for reclassification in a folder, which human resources staff from CUNY's Central Office would review with her. Where CUNY reviewed and approved some reclassification requests bases on these "pending HEO packets," Plaintiff seeks |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | evidence to support or refute that claim by both CUNY and HOSTOS that Plaintiff's request was inadequate as to form and substantive documentation. Furthermore, where Plaintiff's reclassification request was held for approximately three years, Plaintiff should be entitled to discovery that shows the amount of time "pending HEO packets" sat in this folder before they were sent to and reviewed by CUNY. |
| **Doc. Req. No. 107**: All Documents concerning the salary analysis that Ms. Shevach testified she had conducted.<br><br>Denied. /OTW | Ms. Shevach testified that she compared Plaintiff's salary to the salary of the other CUNY student athletic directors and to Plaintiff's prior salary history. This is all information Plaintiff has in her possession. Defendants provided the personnel files of CUNY College Athletic directors during Plaintiff's tenure and of Plaintiff. Those salaries are also public information available to Plaintiff online. Requiring Defendants to produce these documents is duplicative. | Plaintiff does not have this discovery. The documents requested all concerned an analysis prepared by Ms. Shevach, which Defendants then relied on when they chose to exercise a pocket veto over Plaintiff's reclassification request to pay her less than her peers.<br><br>There is no excuse not to produce these documents. Plaintiff should not be forced to cobble together public information to create her best guess at the documents Defendants actually relied on when they discriminated against her years ago. The actual documents, and communications that concern them, should be produced as they are relevant and material to both the claims and defenses in this case. |
| **Doc. Req. No. 125**: All Documents concerning the statistics of each CUNY college's employee compliance with CUNY's antidiscrimination training policies and procedures, including but not limited to the employee compliance statistics for Hostos.<br><br>Denied. /OTW | This request is completely overbroad, burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | This demand goes to CUNY's direct liability for failing to adequately train, protect against, and monitor discrimination occurring on its campuses. CUNY set anti-discrimination policies and procedures that applied to its member schools, including mandatory training requirements to reduce the risk of incidents of discrimination. Plaintiff should be entitled to discover whether and to what extent CUNY took administrative steps to train its employees how not to discriminate against other CUNY employees. The statistical discovery is probative of |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | CUNY's administrative failures to protect against incidents of discrimination occurring on its campuses. However, to the extent that the Court believes statistics from all CUNY campuses is overbroad, Plaintiff will agree to limit the request to only CUNY Community Colleges. |
| **Doc. Req. No. 127**: All Documents concerning the statistics of each CUNY college's employee compliance with CUNY's sexual misconduct training policies and procedures, including but not limited to the employee compliance statistics for Hostos.<br><br>*Denied. This is not a class action. /OTW* | Defendants renew their objection from Document Request Number 125. | For the same reasons stated in response to No. 125, supra., statistical discovery concerning CUNY's employee compliance with sexual harassment training is probative of CUNY's directly liability for administrative failures to protect against incidents of sexual harassment occurring on its campuses. Likewise, to the extent that the Court believes statistics from all CUNY campuses is overbroad, Plaintiff will agree to limit the request to only CUNY Community Colleges. |
| **Doc. Req. No. 129**: All Documents concerning the "bullet points" and materials that Dean Gomez provided to Mr. Cruz, and/or to any other employee at Hostos, concerning Hostos employee requests for reclassification.<br><br>*Denied. See ruling re Request No. 30. /OTW* | Defendants renew their objection from Document Request Number 30. | Dean Johanna Gomez provided Defendant Cruz with bullet points and materials in favor or against an employee's request for reclassification. From this information, Hostos would prepare and provide CUNY with the proper forms and documents for CUNY to consider the request. On several occasions, Plaintiff provided Dean Gomez with bullet points in support of Plaintiff's request for reclassification. However, Hostos never used this information to prepare the proper forms and document for CUNY to have reviewed.<br><br>Hostos prepared and sent to CUNY proper forms and documents that had been based on the "bullet points" from other employees. Consequently, this discovery will show that Hostos knew it should have prepared proper forms and documents from Plaintiff's "bullet points" before it sent Plaintiff's reclassification to CUNY. By failing to have done so, Defendants ensured |

7

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | that Plaintiff's reclassification request would be rejected. Furthermore, where Plaintiff's reclassification request was held for approximately three years, Plaintiff should be entitled to discovery that shows the amount of time that it should have taken for "bullet points" to be converted and sent to CUNY. |
| Doc. Req. No. 140: All Documents concerning communications with Mr. Rivera regarding the REACH program from November 2016 through 2017. | Defendants are conducting a search for responsive documents, and should any responsive document be located will supplement their response.  *No dispute. /OTW* | Plaintiff understands that there is no longer any dispute concerning this request, and that Defendants will produce responsive documents that are located. |
| Doc. Req. No. 141: All Documents concerning communications with Mr. Rivera regarding a contract between Hostos and the REACH program from November 2016 through 2017. | Defendants are conducting a search for responsive documents, and should any responsive document be located will supplement their response.  *No dispute. /OTW* | Plaintiff understands that there is no longer any dispute concerning this request, and that Defendants will produce responsive documents that are located. |
| Doc. Req. No. 142: All Documents concerning agreements between Hostos and the REACH program.  *Denied. Overbroad. /OTW* | The documents related to the Reach Program are irrelevant to the material issues in this case. Requiring Defendants to produce what could amount to a large volume of documents is overly burdensome and disproportionate to the needs of this case. | Defendants misconstrue the scope of this request. Plaintiff seeks only documents concerning the agreements between Hostos and the REACH program. This is material and relevant where the supposed justification for the public verbal assault that President Gomez and Mr. Sohn launched against Plaintiff were Plaintiff's supposed failure to have renewed an existing contract between Hostos and the REACH program. Consequently, documents concerning such agreements are material and relevant to the claims and defenses in this case. |
| Doc. Req. No. 143: All Documents concerning communications with Assemblyman Luis Sepulveda regarding the REACH program. | Defendants are conducting a search for responsive documents, and should any responsive document be located will supplement their response.  *No dispute. /OTW* | Plaintiff understands that there is no longer any dispute concerning this request, and that Defendants will produce responsive documents that are located. |
| Doc. Req. No. 144: All Documents concerning communications with Florencio Palomo regarding the REACH program. | Defendants are conducting a search for responsive documents, and should any responsive document be located will supplement their response.  *No dispute. /OTW* | Plaintiff understands that there is no longer any dispute concerning this request, and that Defendants will |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | produce responsive documents that are located. |
| **Doc. Req. No. 166**: All Documents concerning President Gomez's signed acknowledgment that he read Investigation Report (Case #13-18) in its entirety, including without limitation dated copies of such signed acknowledgement. In addition to any copies produced in response to this request, Plaintiff seeks in-person inspection and copying of original signed documents.<br><br>*Denied. /OTW* | Defendants produced the subject Investigation Report and the acknowledgment page where President Gomez signed, acknowledging reading the report. President Gomez also authenticated his signature at his deposition. And if that was not enough, Defendants provided a response to Plaintiff' request NO 166, indicating they are not in possession of any other responsive documents. There is absolutely no reason for Defendants to have to provide an original copy of this document or to allow an in-person inspection. This request falls under the category of Plaintiff's continued "fishing expedition." | Plaintiff acknowledges that Defendants produced a signed and <u>undated</u> copy of President Gomez's acknowledgment that he read the untimely two-year-old investigation report concerning Plaintiff's written complaint of sexual harassment. However, where Defendants' sexual harassment policies and procedures required this investigation to have been completed within 30 days, the lack of a date on the President's acknowledgment is a material omission. Consequently, Defendants should produce all copies of the acknowledgment, including those that are dated, and permit Plaintiff to conduct an in-person inspection of such documents. Where Defendants state no other responsive documents exist, Plaintiff nonetheless wants to inspect in person what has already been produced. |
| **Doc. Req. No. 167**: All Documents concerning the form signed by President Gomez that was titled, "ACTION TAKEN IN RESPONSE TO COMPLAINT# 13-18," including without limitation dated copies of such signed form. In addition to any copies produced in response to this request, Plaintiff seeks in-person inspection and copying of original signed documents. | Defendants renew their objection from Document Request Number 167.<br><br>*Denied. /OTW* | Plaintiff restates her response to No. 166, <u>supra</u>, with respect to the signed and undated "Action Taken In Response" document that is the subject of this request. |
| **Doc. Req. No. 179**: All Documents concerning reports and/or statistics regarding the compliance with online antidiscrimination training by the people, students, faculty, and staff at Hostos. | This request is completely overbroad, burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case.<br><br>*Denied. /OTW* | Plaintiff restates her responses to Nos. 30, 125, and 127, <u>supra</u>. |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| **Doc. Req. No. 183**: All Documents concerning the identities of Hostos employees, other than Plaintiff, who were the subject of inquiries made by the Inspector General of the State of New York.  *Denied without prejudice as to ruling on Sohn being renamed as a Defendant. /OTW* | Improper request for documents. This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | During discovery, Plaintiff learned that Mr. Sohn and other CUNY employees triggered a false investigation of Plaintiff by the Inspector General in retaliation for Plaintiff having filed a hostile workplace complaint against President Gomez and Mr. Sohn. Plaintiff also learned during discovery that this was not the first instance that Mr. Sohn had initiated an Inspector General's investigation of a CUNY employee after she complained of discrimination. Consequently, this discovery is material and relevant to the claims and defenses in this case. |
| **Doc. Req. No. 52**: All Documents concerning communications made to Plaintiff's male subordinates by or on behalf of Defendant Cruz, for which Plaintiff was neither the sender nor a recipient.  *Every email that Cruz sent /recieved to another man at Hostos is overbroad. Granted if Plaintiff can limit to 1-3 of Cruz's named subordinates. /OTW* | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | The request is relevant to Plaintiff's allegations that Defendant Cruz usurped her authority, and cut her out of the chain of command by having given directives directly to Plaintiff's subordinates, instead of through Plaintiff. Further, Plaintiff believes she has tailored this request as narrowly as possible, where the responsiveness of documents is conditioned that the communications: (1) be to or from Plaintiff's male subordinates, (2) be to or from Defendant Cruz, and (3) not be to or from Plaintiff. |
| **Doc. Req. No. 32**: Mr. Sohn's personnel file.  *See ruling on Request No. 183. /OTW* | This request is disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. Sohn is not a defendant in this case. | As discovery has recently shown, Mr. Sohn was one of the primary persons behind Defendants' discrimination of Plaintiff. Including, without limitation, that he created a hostile work environment, retaliated against Plaintiff and other women when they complained of discrimination, and sabotaged Plaintiff's request for reclassification by directing that it be submitted to CUNY on an improper form and without adequate documentation. |
| **Doc. Req. No. 14**: All Documents concerning the faculty, employee and/or staff handbooks for each of | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that | The request is for basic information, already in existence, concerning the documents that control the rights of Plaintiff and her Comparators as |

10

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| CUNY's two-year community colleges. **Denied. /OTW** | is irrelevant to the material issues of the case. | employees. First, the handbook applicable to Plaintiff herself is relevant. Second, the handbooks applicable to Plaintiff's Comparators are relevant to understand how their rights and duties as employees at their respective CUNY-affiliated colleges different from those of Plaintiff at HOSTOS.<br><br>Plaintiff is willing to limit this request to the faculty, employee and/or staff handbooks that applied to Plaintiff and her Comparators, as opposed to faculty, employee and/or staff handbooks generally. Plaintiff is further willing to limit her request to the handbooks themselves, as opposed to all documents concerning such handbooks. |
| **Doc. Req. No. 62**: All documents concerning the floor plan of Hostos' athletic department facilities and offices. **Denied. /OTW** | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | Plaintiff intends to use a floorplan of the HOSTOS athletic department as an exhibit at trial. Having an "official" floorplan is preferred to asking a witness to draw the floorplan on the stand. |
| **Doc. Req. No. 77**: All Documents concerning each job vacancy notice for athletic department personnel at Hostos. **Denied. /OTW** | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | Plaintiff alleged that one way she was discriminated against was the transfer of her subordinate staff from the HOSTOS athletic department to other departments. Defendants also seek to argue that Plaintiff cannot be compared to the Comparators because the Comparators supervised more employees than Plaintiff. Consequently, Plaintiff should be entitled to the vacancy notices that show unfilled positions in the HOSTOS athletic department. |
| **Doc. Req. No. 89**: All Documents that Ms. Shevach received from counsel, and/or from anyone on counsel's behalf, to prepare her deposition testimony in this case. | Plaintiff is in possession of any documents Ms. Shevach reviewed for her deposition. **Denied as moot. /OTW** | Plaintiff is entitled to review the documents on which Ms. Shevach's deposition testimony was based. Assuming that the documents she reviewed were not annotated or otherwise altered, and that they have already been produced, Plaintiff requests that Defendants cite such |

11

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| | | documents by bates number. However, if such documents were annotated or altered, Plaintiff requests that they be separately produced in such form. |
| **Doc. Req. No. 102**: All Documents concerning the City University of New York Policies on Equal Opportunity and Non-Discrimination which preceded and succeeded the version in marked as Plaintiffs Exhibit 31. | Plaintiff is already in possession of CUNY Policies on Equal Opportunity and Non-Discrimination effective as of January 1, 2015.<br><br>*Denied. /OTW* | The referenced Exhibit 31 is the City University of New York Policy on Equal Opportunity and Non-Discrimination, effective 1/1/15, as revised 8/29/16. However, the time period relevant to this litigation is 2013 through 2019. If Defendants are representing that they have already produced all versions of this policy that preceded and succeeded Exhibit 31 during the relevant time period, Plaintiff will withdraw this request. |
| **Doc. Req. No. 106**: All Documents concerning Hostos employee census reports for the years Plaintiff was employed at Hostos. | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. Plaintiff is already in possession census information from individuals who were reclassified before and during her tenure. | To the extent that Defendants will not offer evidence of information reflected in such documents, Plaintiff will agree to withdraw this demand. Nonetheless, Plaintiff disagrees that such documents are overbroad or otherwise burdensome to produce, particularly where they already exist.<br><br>*No dispute. /OTW* |
| **Doc. Req. No. 126**: All Documents concerning the statistics of each CUNY college's student compliance with CUNY's antidiscrimination training policies and procedures, including but not limited to the student compliance statistics for Hostos. | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case.<br><br>*Denied. /OTW* | CUNY was responsible to have ensured HOSTOS' compliance with its anti-discrimination and sexual harassment policies and laws. Plaintiff should be entitled to discover the nature and extent that CUNY oversaw such compliance or had a pattern and practice of disregarding the risks of discrimination and sexual harassment on CUNY's campuses. |
| **Doc. Req. No. 128**: All Documents concerning the statistics of each CUNY college's student compliance with CUNY's sexual misconduct training policies and procedures, including but not limited to the student compliance statistics for Hostos. | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case.<br><br>*Denied. /OTW* | Plaintiff restates her response to No. 126, supra. |
| **Doc. Req. No. 139**: All Documents concerning | This request is overbroad in scope and time, overly burdensome, | CUNY claims to have denied Plaintiff's request for reclassification |

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| materials submitted in support and/or opposition of the reclassification of Hostos employees named on Mr. Cruz's list of pending reclassification requests.<br><br>*Denied. /OTW* | disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | based on the form and content of the materials submitted with her reclassification request. CUNY denied Plaintiff's reclassification, but approved requests made by other employees in Defendant Cruz's division. Consequently, Plaintiff is entitled to understand how her materials differed from materials submitted by employees who were granted reclassification. |
| **Doc. Req. No. 151**: Ms. Gretina's professional calendars at Hostos, including but not limited to all calendars that reflect the dates on which Ms. Gretina had provided training to Hostos staff, employees, and/or students.<br><br>*Denied. /OTW* | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | Lauren Gretina was HOSTOS' Chief Diversity Officer and Title IX Coordinator. During her deposition, Ms. Gretina was unable to specify when, where, and what materials she used to train HOSTOS' staff and faculty on CUNY's anti-discrimination and sexual harassment policies. Plaintiff's claims arise against the backdrop of Defendants' failure to adhere to the policies on which they were supposedly trained. Consequently, Plaintiff should be entitled to discover the professional calendar that Ms. Gretina testified would reflect trainings given at HOSTOS. (39:13-40:5). |
| **Doc. Req. No. 170**: All Documents concerning President Gomez's testimony in the matter of Lax v. Kingsboro Community College, including but not limited to summaries, notes, transcripts, and audio and/or video recordings thereof.<br><br>*Not relevant. Denied. /OTW* | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. Mr. Gomez was not a defendant in the Lax case. The lax case was also not based on gender discrimination. | The relevant time period of this case is 2013 through 2019. In or about 2015, President Gomez testified in the matter of Lax v. Kingsboro Community College, another discrimination case against a CUNY community college. Plaintiff should be entitled to discover the prior testimony that President Gomez gave concerning the application of Defendants' anti-discrimination policies, procedures, and practices, which are also at issue in this case. (14:5-15:11) |
| **Doc. Req. No. 175**: All Documents concerning the materials that Mr. Sohn provided to the members of the Hostos President's cabinet for purposes of<br><br>*Not relevant. Denied. /OTW* | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of | Plaintiff has alleged that Mr. Sohn discriminated against Plaintiff and created a hostile work environment at HOSTOS. Plaintiff should be entitled to discover the substance of the |

13

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| training on CUNY's antidiscrimination policies. | the case. The members of the President's cabinet are not Defendants in this case and were not involved in any of the allegations of discrimination made in this case. | materials that Mr. Sohn used to train others on CUNY's policies and procedures that covered these topics. |
| **Doc. Req. No. 176**: All Documents concerning President Gomez's certificates of completion of training provided to him by Mr. Sohn.<br><br>Denied. /OTW | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks cumulative evidence could have obtained via President's Gomez's deposition. | Plaintiff restates her response to No. 175, supra. In addition, President Gomez testified that he had the ultimate responsibility to ensure that HOSTOS employees complied with CUNY's policies and procedures. (25:11-15). He also testified that as HOSTOS' President, his conduct established the workplace culture at HOSTOS. (118:7-10). Plaintiff alleged that several employees at HOSTOS failed to do so. Consequently, President Gomez's own anti-discrimination and sexual harassment training is relevant and material to understand the culture he set at HOSTOS. |
| **Doc. Req. No. 177**: All Documents concerning the materials that Ms. Gretina provided to the members of the Hostos President's cabinet for purposes of training on CUNY's sexual misconduct policies. | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case.<br><br>Denied. /OTW | Plaintiff restates her response to Nos. 151 and 175-177, supra. |
| **Doc. Req. No. 178**: All Documents concerning President Gomez's certificates of completion of training provided to him by Ms. Gretina. | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks cumulative evidence could have obtained via President's Gomez's deposition. | Plaintiff restates her response to No. 176, supra.<br><br>Denied. /OTW |
| **Doc. Req. No. 181**: All Documents concerning the floor plan of President's Gomez's suite as of 2017.<br><br>Denied. /OTW | This request is overbroad in scope and time, overly burdensome, disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. Plaintiff had an opportunity to question multiple witnesses regarding the layout of President Gomez's suite. | Plaintiff intends to use a floorplan of the President's suite at HOSTOS as an exhibit at trial. Having an "official" floorplan is preferred to asking a witness to draw the floorplan on the stand. |
| **Doc. Req. No. 182**: All Documents concerning | This request is overbroad in scope and time, overly burdensome, | A male co-worker confined Plaintiff in a closet and demanded that she hug and |

14

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| investigation reports signed by President Gomez regarding investigations of sexual harassment, including without limitation any acknowledgments and actions taken in response thereto.<br><br>*Denied. /OTW* | disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | kiss him before he would let her leave. Plaintiff was forced to comply to secure her release from the closet. Plaintiff filed a written sexual harassment complaint with HOSTOS, which was ignored for approximately two years. At that time, an investigation report was prepared for President Gomez to sign and date.<br><br>The conclusion of the investigation report was that Plaintiff's allegations were substantiated, but that there was no evidence that the co-worker engaged in unwelcome conduct of a sexual nature. The report recommended that a letter be placed in the co-worker's file warning that his conduct was inappropriate and that he should review CUNY's sexual harassment policies.<br><br>President Gomez signed but did not date the two-year old investigation report and warning letter.<br><br>The requested discovery is highly probative of whether HOSTOS, through its President, permitted a hostile work environment for female employees by inadequately punishing all incidents of sexual harassment, or just when Plaintiff was the victim. |
| **Doc. Req. No. 184**: All Documents concerning communications with any entity outside of CUNY and Hostos regarding Plaintiff.<br><br>*No dispute. /OTW* | Plaintiff is already in possession of this information. | Defendants have produced some communications they had with the Joint Commission on Public Ethics ("JCOPE") and recorded interviews of HOSTOS employees by the Inspector General. To the extent that Defendants represent that there are no other documents concerning communications they had with JCOPE or the Inspector General regarding Plaintiff, then Plaintiff will accept that representation. |
| **Doc. Req. No. 185**: The IRS Form W-2 for Erik Smiles, identifying the payor | Improper request for documents. This request is overbroad in scope and time, overly burdensome, | Erik Smiles' IRS Form W-2 is relevant to CUNY's vicarious liability. Although HOSTOS constructively |

*Denied without prejudice as to later request for amendment (if this is still an issue.) /OTW*

| REQUEST NO. AND TEXT | DEFENDANTS' OBJECTIONS | PLAINTIFF'S RESPONSES |
|---|---|---|
| of his wages for his employment at Hostos. | disproportional to the needs of the case because it seeks information that is irrelevant to the material issues of the case. | terminated Plaintiff and hired Mr. Smiles to replace her as its athletic director, both Plaintiff and Mr. Smiles were paid and employed by CUNY itself. At his deposition, Mr. Smiles was unclear on whether he was paid by CUNY, HOSTOS, or both. (18:13-19:16).<br><br>Nonetheless, in lieu of this demand, Plaintiff will accept a representation from Defendants that athletic directors at CUNY's community colleges were paid and employed by CUNY, not by the individual CUNY colleges. |