UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :
KRISHNA DASS,                              :          18-CV-11325 (VSB)(OTW)
                                                :
                        Plaintiff,      :          **OPINION & ORDER**
                                                  :
              - against -              :
                                                  :
                                                  :
THE CITY UNIVERSITY OF NEW YORK,  :
et al.,                                                :
                                                  :
                      Defendants.  :
------------------------------------------------------------X

Appearances:

Todd Jay Krouner
Christopher W. Dennis
Law Office of Todd J. Krouner
Chappaqua, New York
*Counsel for Plaintiff*

Alison Sue Mitchell
Edwar Estrada
Dominique F. Saint-Fort
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Before me is the objection of Plaintiff Krishna Dass ("Plaintiff") to Magistrate Judge Ona T. Wang's May 10, 2022 Order denying 35 of the 45 document demands disputed by Defendants ("Objection"). (Doc. 139.) Of those 35 denied demands, Plaintiff now objects to one. Because Magistrate Judge Wang did not abuse her discretion, and since I agree with Magistrate Judge Wang that the materials contained in Plaintiff's demand are cumulative and duplicative of available discovery and public materials, Plaintiff's Objection is OVERRULED.

I. **Background and Procedural History**[1]

Plaintiff initiated this action on December 5, 2018. (Doc. 1.) Plaintiff alleges that she was the only female athletic director among all of the athletic directors at the community colleges of Defendant City University of New York ("CUNY"). (*Id.*) Plaintiff claims that CUNY's male athletic directors were classified to the higher-paying Higher Education Officer ("HEO") pay scale, but that she was classified to the lesser-paying Higher Education Associate ("HEA") pay scale. (*Id.*) Beginning in April 2015, Plaintiff requested to be reclassified from HEA to HEO, but she alleges her requests were ignored, delayed, and eventually denied. Plaintiff alleges she was discriminated against and underpaid until her constructive termination in January 2019. (*Id.*)

Discovery in this case has been ongoing for over two years. (*See* Doc. 44.) On October 13, 2020, I referred this case to Magistrate Judge Wang to handle general pretrial matters, including scheduling, discovery, non-dispositive pretrial motions, and settlement. (Doc. 47.)

During the relevant time period, Plaintiff worked at Eugenio María de Hostos Community College ("Hostos"). Shirley Shevach ("Shevach"), the director of human resources at Hostos during Plaintiff's employment there, was deposed on October 14, 2021. (Doc. 139-1 ("MOL") at 2.) Shevach testified that, after Plaintiff requested reclassification from HEA to HEO, Shevach conducted an analysis comparing Plaintiff's salaries to the salaries of CUNY's other athletic directors (the "Shevach Analysis" or "Analysis"). (MOL at 2 (citing Doc. 139-2 ("Dennis Decl.") ¶ 2.)) Plaintiff then served a formal document request for "[a]ll documents concerning the salary analysis that Ms. Shevach testified she had conducted" (the "Discovery

---

[1] I make no findings of fact in this section, but merely provide the history of this action for background purposes only.

Request"). (Dennis Decl. ¶ 5.) Defendants objected to the request as vague, overbroad, burdensome, and disproportionate. (*Id.* ¶ 6.) Plaintiff then sought to compel production of the Shevach Analysis. (*Id.* ¶ 7.) In doing so, Plaintiff argued:

> Plaintiff does not have this discovery. The documents requested all concerned an analysis prepared by Ms. Shevach, which Defendants then relied on when they chose to exercise a pocket veto over Plaintiff's reclassification request to pay her less than her peers.
>
> There is no excuse not to produce these documents. Plaintiff should not be forced to cobble together public information to create her best guess at the documents Defendants actually relied on when they discriminated against her years ago. The actual documents, and communications that concern them, should be produced as they are relevant and material to both the claims and defenses in this case.

(*Id.*)

In opposition to the request, Defendants argued:

> Ms. Shevach testified that she compared Plaintiff's salary to the salary of the other CUNY student athletic directors and to Plaintiff's prior salary history. This is all information Plaintiff has in her possession. Defendants provided the personnel files of CUNY College Athletic directors during Plaintiff's tenure and of Plaintiff. Those salaries are also public information available to Plaintiff online. Requiring Defendants to produce these documents is duplicative.

(*Id.* ¶ 8.)

On May 10, 2022, Magistrate Judge Wang denied the Discovery Request along with a number of other demands. (*Id.* ¶ 9.) In her order denying the demands, Magistrate Judge Wang stated that:

> [t]he Court spent an inordinate amount of time combing through the minutiae of the parties' document discovery disputes, even after numerous in-person and telephonic conferences concerning the breadth and scope of Plaintiff's requested discovery. The majority of these requests sought discovery that was not proportional to the needs of the case.

(Doc. 131 at 1.)

Plaintiff now argues that this discovery is critical to assess whether the persons compared

3

by Shevach in the Analysis constitute comparators as a matter of law for a disparate treatment discrimination claim, and that Plaintiff cannot make such an assessment without the requested documents. (MOL at 5–6, 8.) Plaintiff also argues that she should be permitted to re-depose Shevach once she receives this information. (*Id.* at 12.)

## II. Legal Standard

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order on a non-dispositive matter within 14 days after being served with a copy of the Order." *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11 CIV. 4016 (DAB), 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016) (quoting Fed. R. Civ. P. 72(a)). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

A district judge may reconsider any non-dispositive pretrial matter where the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under a clear error standard of review, "so long as there is a basis in the evidence for a challenged inference," the court will "not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *JPMorgan Chase*, 2016 WL 10570981, at *2 (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Lan v. Time Warner, Inc.*, No. 11CIV2870ATJCF, 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001)) (cleaned up). "It is

well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *JPMorgan Chase*, 2016 WL 10570981, at *2 (internal quotation marks omitted).

### III.   Discussion

#### A.   *Applicable Law*

A party may discover "any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). "Discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (citing *United States v. Int.'l Bus. Machs. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974)) (emphasis in original). Discoverable material must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court must limit discovery where "the discovery sought is unreasonably cumulative" or "can be obtained from some source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

"The very essence of Title VII is comparative evidence: Was the plaintiff treated differently from persons not in her protected group?" *Weinstock v. Columbia Univ.*, No. 95CIV.0569(JFK)(RLE), 1995 WL 567399, at *7 (S.D.N.Y. Sept. 26, 1995), *aff'd*, No. 95 CIV. 0569 (JFK), 1996 WL 658437 (S.D.N.Y. Nov. 13, 1996). "A disparate treatment claim often includes a combination of strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally." *Kassman v. KPMG*

*LLP*, 416 F. Supp. 3d 252, 284 (S.D.N.Y. 2018) (quoting *Mozee v. Am. Commercial Marine Serv. Co.*, 940 F.2d 1036, 1051 (7th Cir. 1991)).  A court should not deny a plaintiff comparator discovery before she even attempts to make a showing of discrimination.  *Chen-Oster v. Goldman, Sachs & Co.*, No. 10CV6950ATRWL, 2019 WL 3294145, at *2 (S.D.N.Y. June 7, 2019) ("Denying all discovery of comparators, however, would prevent" plaintiff from attempting to show disparate impact); *see also Weinstock*, 1995 WL 567399, at *7 (granting plaintiff's discovery request for the employment files of similarly-situated employees to allow plaintiff to attempt to establish discrimination).

      **B.**    *Application*

Plaintiff asserts that the Shevach Analysis is highly relevant and material to Plaintiff's discrimination claims because it has the potential to establish that other employees were paid more than Plaintiff.  (MOL at 8–9.)  Defendants argue that these documents are duplicative, cumulative, and irrelevant to Plaintiff's claims.  (Doc. 146 ("Opp.") at 5–8.)  The law makes clear that comparator discovery should be liberally granted to allow Plaintiff to attempt to make a showing of discrimination.  *See Chen-Oster*, 2019 WL 3294145, at *2.  However, assuming that the information contained in the Discovery Request is relevant and material to her claims,[2] Plaintiff does not sufficiently demonstrate that the requested information is not duplicative or cumulative of already-received discovery material or publicly available information in order to show that Magistrate Judge Wang committed clear error or misapplied the law.  Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).  In support of her argument that the Discovery Request is not cumulative or duplicative, Plaintiff posits that none of the other discoverable material establishes who

---

[2] I need not and do not make any findings as to whether the employees analyzed by Shevach are sufficient comparators for a discrimination claim as a matter of law.

Defendants thought constituted a comparator of Plaintiff. (Doc. 147 ("Reply") at 3.) Plaintiff's intention to use the Shevach Analysis to show that Plaintiff admitted that the athletic directors at CUNY's other colleges constituted comparators is premature at this stage of the litigation. *See Chen-Oster*, 2019 WL 3294145, at *2 ("[T]he Court emphasizes that whether or not the individuals identified by Plaintiffs as comparators meet the threshold for comparator status remains to be determined in advance of trial.").

The cases cited by Plaintiff are distinguishable because the courts in those cases granted requests for comparator discovery in the form of employment information, not the defendant's analysis or internal thought process as to which employees qualify as comparators, which Plaintiff requests here. *See*, *e.g.*, *id.* at *1, 3 (granting plaintiff's request for potential comparators' employment files because they allow plaintiff to "assess the extent to which comparably positioned and qualified employees may have been treated differently based on improper criteria"); *Ri Sau Kuen Chan v. NYU Downtown Hosp.*, No. 03 CIV. 3003 (CBM), 2004 WL 1886009, at *6 (S.D.N.Y. Aug. 23, 2004) (granting plaintiff discovery of "documents containing information about sexual harassment complaints" specifically because it could aid plaintiff's retaliation claim); *Lineen v. Metcalf & Eddy, Inc.*, No. 96 CIV.2718(HB)(MHD), 1997 WL 73763, at *7 (S.D.N.Y. Feb. 21, 1997) (granting discovery of information regarding terminated employees and their replacements and any related policies "for purposes of developing a statistical profile."). This liberal discovery approach is meant to allow a plaintiff to independently determine who constitutes her comparators for a discrimination claim. *See id* at *2. It does not guarantee that a defendant must identify who they thought were the comparators. Plaintiff does not provide, and I do not find, any case law that dictates that a defendant's opinion of who the plaintiff's comparators constituted, on top of the discoverable employment

7

information of those potential comparators, is discoverable in a discrimination case. This determination is bolstered by the fact that Shevach never specified the purpose of her Analysis and therefore never stated her position on Plaintiff's potential comparators. (Opp. at 7.; Opp. Ex. I.) Nor did Plaintiff ask Shevach any questions regarding her purpose in creating the Analysis or her view of the Analysis generally. (*Id*.)

Shevach stated at her deposition that her Analysis consisted of reviewing Plaintiff's salary history and comparing Plaintiff's salary to that of the other CUNY directors and managers. (Opp. Ex. I at 75:19-77:5.) Defendants contend they produced the personnel files of the CUNY Community College student athletic directors and managers employed during Plaintiff's tenure from which Plaintiff can obtain their salary information. (Opp. at 7–8.) Plaintiff does not argue that this assertion is not accurate. Defendants also highlight that this salary information is publicly available and that Plaintiff in fact utilized much of this information in support of her union grievance. (*Id*.; See Through NY, https://www.seethroughny.net/payrolls (last visited October 26, 2022); Opp. Ex. J.) Plaintiff therefore has all this information already at her disposal.

Magistrate Judge Wang reasoned that the Discovery Request was not proportional to the needs of the case after spending an "inordinate amount of time combing through" the demands. (Doc. 131 at 1.) The fact that Plaintiff already had access to the information requested through other discovery, and through information in the public domain, supports Magistrate Judge Wang's denial of the Discovery Request. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii) (a court must limit discovery where "the discovery sought is unreasonably cumulative" or "can be obtained from some source that is more convenient, less burdensome, or less expensive"). Moreover, Magistrate Judge Wang has been overseeing discovery and general pretrial matters in

8

this case for about two years. (*See* Doc. 47.) Therefore, I defer to Magistrate Judge Wang's determination that the Discovery Request was disproportional to the needs of the case since she is particularly well situated to make such a determination. *JPMorgan Chase*, 2016 WL 10570981, at *2 ("[A] magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference").

Furthermore, because I affirm the denial, and because Plaintiff has already been afforded the opportunity to question Shevach, Plaintiff's request to further depose Shevach based on the Shevach Analysis is also denied.

## IV.  Conclusion

For the reasons stated above, Plaintiff's Objection is OVERRULED and Magistrate Judge Wang's May 10, 2022 Order remains in full effect.

SO ORDERED.

Dated: November 7, 2022
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge