UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KRISHNA DASS,

                      Plaintiff,

       -against-

THE CITY UNIVERSITY OF NEW YORK, et al.,

                      Defendants.

------------------------------------------------------------x

No. 18-CV-11325 (VSB) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

This case has been pending – and in discovery – for more than four years. As of December 19, 2022, the only remaining discovery dispute and possible outstanding discovery is Defendants' request for additional time to complete Plaintiff's deposition. (ECF 109). Defendants' request was made back in February 2022, one week after Plaintiff sat for her video deposition. I had stayed briefing on this request pending Plaintiff's anticipated motion to file a second amended complaint.

Although Plaintiff raised the issue of the Second Amended Complaint as early as February 24, 2022 (ECF 108), the briefing did not commence until June 24, 2022. (ECF 148). Defendants' opposition was filed on August 26, 2022 (ECF 158), and I ruled on September 13, 2022, denying the motion to amend as well as several motions to compel non-party depositions. (*See* ECF 167, 168.) After resolving all of the other outstanding discovery disputes, Defendants renewed their request to continue Plaintiff's deposition. (ECF 185). Although I denied Defendants' motion without prejudice pending Judge Broderick's consideration of

1

Plaintiff's objection at ECF 173 (*see* ECF 186), I directed Plaintiff to respond to ECF 109 by December 23, 2022.

Because I find that Defendants have shown good cause to depose Plaintiff for more time[1] even on the operative complaint (ECF 24), Defendants' motion is **GRANTED** for the following reasons.

Defendants make two arguments for the continuation of Plaintiff's deposition: first, that Plaintiff did not *testify*[2] for the seven hours afforded under Fed. R. Civ. P. 30(d)(1); and relatedly, that they need an additional five hours to complete questioning on Plaintiff's many claims. Plaintiff asserts, principally, that she has already testified for seven hours, and that defense counsel's "inefficiency" was the reason for their request for more time. (ECF 192). Although Defendants only seek more deposition time under Rule 30(d)(1), Rule 30(d)(2) authorizes the Court to sanction any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). *Antolini v. McCloskey*, No. 19-CV-9038 (GBD) (SDA), 2021 WL 5411176 at * 7 (S.D.N.Y. Nov. 19, 2021). Moreover, a court may impose sanctions under Rule 30(d)(2) on its own accord to deter ongoing and future misconduct. *Id.*

The Court has reviewed the entirety of Plaintiff's deposition transcript and finds that a total deposition length of more than seven hours is warranted under Rule 30(d)(1), given the nature and pace of Plaintiff's responses during the remote deposition and her counsel's speaking objections. Plaintiff's evasive responses began minutes into the deposition, when

---

[1] In doing so, I am finding both that the initial session did not complete the presumptive 7 hours of testimony, and that even if it had, Defendants would be entitled to more than 7 hours.

[2] Although the deposition commenced at 10:09 a.m. and was concluded at 6:19 p.m. by Plaintiff's counsel, Todd Krouner, Defendants argue that much of the time was not spent in obtaining testimony from Plaintiff. (*See* ECF 109 (noting 105 minutes taken for lunch and a "professional obligation" for Plaintiff's counsel, as well as citing to numerous other examples of time spent on objections, comments, and the like)).

Defendants' counsel was asking background questions and establishing a chronology of her relevant employment. After a few pages discussing asbestos remediation, Plaintiff's office location, and health issues during the same time frame (2016-2017), Plaintiff reverted to lengthy evasive answers on nonmaterial matters.[3]

Plaintiff's argument that defense counsel was "inefficient" for spending time on previously-dismissed claims or on "unnecessarily detailed questions concerning" damages is without merit. (ECF 192 at 1-2.) Although Plaintiffs' ADA and FMLA claims had previously been dismissed, the parties spent much of 2022 litigating (beginning in late February 2022) whether Plaintiff should be granted leave to amend her complaint a second time. (ECF 108). Moreover, counsel's questioning regarding Plaintiff's medical issues and request for office moves could also reasonably be construed to relate to setting a baseline for Plaintiff's work environment and interactions, as well as a baseline for her alleged physical and mental status, before the alleged sexual discrimination and harassment events in the operative complaint. Similarly, the Court has reviewed the portion of the transcript cited by Plaintiff as "unnecessarily detailed concerning damages" (ECF 109-1 at 108-155), and finds that it is one of the few portions of the transcript where the deposition proceeded peaceably and conventionally, with Mr. Estrada asking questions, Ms. Dass providing concise and responsive answers, and Mr. Krouner making few, if any, objections. (*Compare*, *e.g.*, ECF 109-1 at 45 - 67, 171-188).

Plaintiff's other objections – of waiver of continued deposition of Plaintiff and of a "double standard" of a rigid seven-hour limit on defense witness depositions – are without merit. Although it was perhaps overly optimistic to expect to complete seven hours of

---

[3] *See*, *e.g.*, ECF 109-1 at 9, 19-20, 26-27, 29-30.

testimony from a remote video deposition in eight hours of time, the repeated speaking objections from counsel and non-responsive answers from the deponent certainly did not help.

Accordingly, Plaintiff is directed to appear for an <u>in-person</u> deposition in New York for four more hours of testimony, to be completed no later than August 31, 2023. Counsel are directed to file a letter on the docket by June 23, 2023, identifying the date and time for Plaintiff's deposition. Parties are to bear their own costs for this continued deposition, but counsel for both sides are warned that failure to complete Ms. Dass's deposition in the allotted time will result in sanctions on the party whose dilatory conduct prevented its timely completion. Fed. R. Civ. P. 30(d)(2); *see Fashion Exchange LLC v. Hybrid Promotions, LLC*, 333 F. R. D. 302 (S.D.N.Y. 2019) (ordering sanctions under Rule 30(d)(2) where counsel for 30(b)(6) witness interposed multiple speaking objections and instructed witness improperly not to answer); *see also Ryan v. Paychex*, No. 08-CV-1151, 2009 WL 2883053 at *2 (D. Conn. 2009) (instructing counsel on proper method of interposing objections).

**SO ORDERED.**

                                                *s/ Ona T. Wang*

Dated: May 31, 2023　　　　　　　　　　　　　　　　　　**Ona T. Wang**
　　　New York, New York　　　　　　　　　　　　　United States Magistrate Judge

4