**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SO ORDERED:**

*[signature]*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

The summary judgment briefing schedule is adjourned pending the Court's resolution of Plaintiff's objections to Judge Wang's denial of Plaintiff's motion for leave to amend the complaint.

Dated: December 26, 2023

**Via ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

    Re:  Dass v. City University of New York, et al.
          Civil Acton No. 18-Civ.-11325 (VSB) (OTW)

Dear Judge Broderick:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for Defendants in the above-referenced action. Defendants respectfully submit this letter to request that Defendants' time to file a motion for summary judgement in this matter be extended from January 2, 2024, until March 4, 2024. Although this is the first time Defendants are making such a request to Your Honor, Defendants did file a letter motion addressed to Magistrate Judge Wang seeking an order holding the summary judgement schedule in abeyance until Your Honor renders a decision on Plaintiff's Objection to Magistrate Judge's September 15, 2022 Order ("Plaintiff's Objection") (See ECF Dkt. Nos. 167, 173-1), which denied Plaintiff leave to file a second amended complaint. Judge Wang denied Defendants' request without prejudice, after noting that the matter was no longer referred to Her Honor, but Her Honor added that she would have been inclined to deny it. See ECF Dkt. No. 221. Judge Wang did note that if there is a reason to adjourn the briefing schedule due to timing and workload constraints, that request should be put before Your Honor, along with a briefing schedule for consideration. Id. Following that suggestion, and for the reasons outlined below, Defendants respectfully request that the Court endorse the following briefing schedule: Motion for Summary Judgment – March 4, 2024; Opposition Due – May 7, 2024; Reply due – June 6, 2024. Plaintiff opposes this request and does not consent to Defendants' proposed briefing schedule.

      The current briefing schedule was set at an earlier stage of the litigation. Specifically, on September 15, 2023, Plaintiff filed a joint agenda in advance of a scheduled conference. See ECF Dkt. No. 212. During my discussion with Plaintiff's counsel before the drafting of a joint agenda, Plaintiff's counsel asked that we set a summary judgment briefing schedule. At the time, the case had just been reassigned to me, and it was the parties' expectation that discovery would be complete by November 1, 2023.

On December 4, 2023, Judge Wang granted Plaintiff's request for the proposed summary judgment schedule to be so ordered and Judge Wang also indicated that discovery was closed.  See ECF Dkt. No. 218.  The current briefing schedule is as follows: motion for summary judgment due January 2, 2024; opposition to summary judgment due March 8, 2024; and replies in further support of summary judgment due April 4, 2024.  See ECF Dkt. No. 218.

On December 21, 2023, Defendants filed a letter motion asking Judge Wang to modify the briefing schedule, pending a decision on Plaintiff's Objection. See ECF Dkt. No. 219.  Magistrate Judge Wang denied our application, without prejudice.  See ECF Dkt. No. 221.  I reached out to opposing counsel on December 21, 2023, and asked whether Plaintiff would consent to the proposed schedule.  Opposing counsel refused for the reasons set forth in their letter opposing Defendants December 21, 2023 letter, where counsel argues that Defendants had previously consented to this schedule and previously agreed that the proposed schedule would not be impacted by Plaintiff's Objection  (see ECF Dkt. No. 220), coupled with Judge Wang's denial of our application.

Defendants now respectfully assert that our prior conclusion was erroneous, and a decision on the pending Plaintiff's Objection could impact the summary judgment motion, because it may impact the claims and allegations at issue.  At a minimum, the motion would ideally be made with respect to whatever is the operative Complaint.  Further, if Plaintiff did not believe the proposed Amended Complaint would change the litigation in any way, it is difficult to understand why Plaintiff chose to seek permission to file it.

In any event, the undersigned also has workload and scheduling reasons to request this extension.  The requested extension would allow me adequate time to prepare a motion for summary judgment on a case that involves approximately 20,000 pages of discovery and 18 depositions.  As noted, I was assigned to this case shortly before the close of discovery.  By that time, discovery had already been exchanged and depositions have been completed, except for Plaintiff's deposition which had been started by my predecessor and which I completed.  The record is voluminous, and I would still need additional time to review and prepare a motion for summary judgment.  In addition, I have also been recently assigned, Bonner v. Elmhurst et al., Case Nos. 10213276 and 10210866, that are scheduled for a hearing January 17, 2024 at the New York State Division of Human Rights.  In preparation, I will need to review that case, and contact and prepare witnesses for the hearing.  Since the instant matter has been assigned to me, I have had motions due in Alter v. School Construction Authority ("SCA") et al., Docket No. 23 CV 02305 (S.D.N.Y) and Noel v. City, Docket No. 23 CV 03082 (S.D.N.Y.), a reply due in Alter v. SCA et al., Docket No. 23 CV 02305 (S.D.N.Y), mediation statements due in Noel v. City, Docket No. 23 CV 03082 (S.D.N.Y.), and Doe v. City, Docket No. 22 CV 06898 (S.D.N.Y.), and have been engaged in discovery in several other cases.

Accordingly, Defendants request respectfully an extension of time and ask that the Court endorse the following briefing schedule: Motion for Summary Judgment – March 4, 2024; Opposition Due – May 7, 2024; Reply due – June 6, 2024.  I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Karen K. Rhau

Karen K. Rhau
Assistant Corporation Counsel

Cc: Counsel of record (via ECF)

cc